In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-423 CV


____________________



MIKE TEMPLETON, Appellant



V.



STEVEN MCENTYRE, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. CIV20,161






O P I N I O N


 This is an accelerated appeal of the granting of a temporary injunction. Steven
McEntyre is the nominee of the Republican Party for Justice of the Peace, Precinct 4,
Place 1, of Polk County, Texas. Howard Lilley was the incumbent Justice of the Peace
and the nominee of the Democratic Party. On August 20, 2002, Judge Lilley executed a
"Certificate of Withdrawal," withdrawing as a candidate in the general election to be held
on November 5, 2002. On August 27, 2002, that Certificate, along with statements from
two physicians, were filed with the County Clerk of Polk County, Barbara Middleton. On
August 21, 2002, Judge Lilly entered into an agreement with the State Commission on
Judicial Conduct where he agreed to voluntarily resign his judicial office, at the close of
business on September 10, 2002, in lieu of disciplinary action. Judge Lilley further agreed
that on the effective date of his resignation he "shall forever be disqualified from: sitting
or serving as a judge in the State of Texas; standing for election or appointment to judicial
office in the State of Texas; or, performing or exercising any judicial duties or functions
of a judicial office in the State of Texas." (1)

 On August 27, 2002, the Chair of the Executive Committee of the Polk County
Democratic Party, Joe Roeder, executed a "Certificate of Replacement Nomination"
certifying that the executive committee had named Michael Ray Templeton to replace
Howard Lilley on the November 5, 2002, general election ballot. That certificate was filed
with the Polk County Clerk on August 29, 2002. A staff attorney for the Texas Secretary
of State informed Ms. Middleton that because the two documents had been timely filed,
Ms. Middleton had to effectuate the change and place the replacement nominee's name on
the ballot. 

 On September 26, 2002, Mr. McEntyre filed a petition for injunction and
declaratory judgment. His pleadings alleged, among other things,

 . . . Lilley resigned his position as Justice of the Peace and agreed to never
hold another public office in lieu of disciplinary action against him. . . . 
Approximately seven days after the Agreement to resign was signed by the
Defendant Lilley, he withdrew his name as a candidate for the office of
Justice of the Peace as he was required to do by the agreement with the State
Commission on Judicial Conduct. Attached to his application to withdraw
his name were two doctor's statements claiming that Defendant Lilley was
medically impaired from holding office. Lilley represented that his medical
condition was the reason for his withdrawal from office. . . . 


 . . . .


 The Defendant Lilley, the Defendant Roeder and the Defendant Templeton
by conspiracy and fraud, are attempting to place the Defendant Templeton's
name on the ballot as a replacement nominee for the Defendant Lilley, when
in fact they all know that they cannot legally do so. Claiming catastrophic
illness as the reason for the Defendant Lilley's resignation and withdrawal
is a farce, a sham and a totally dishonest act, rivaled in proportion only by
the real reason for the resignation and withdrawal of Defendant Lilley. The
Defendants Lilley, Roeder, and Templeton all know that Templeton's name
cannot be placed on the ballot without the perpetration of fraud. 


The petition requested that the County Clerk be enjoined from certifying Mr. Templeton
as the Democratic nominee and from placing or sending out ballots with Mr. Templeton's
name on them. Mr. McEntyre further requested the trial court to "grant a declaratory
judgment, declaring and determining that the real reason for the resignation and withdrawal
of the Defendant Lilley was, in fact, for judicial misconduct and his agreement to resign
and never to hold office again" along with declaring that "the claim of catastrophic illness
is a pretext for the real reason." Mr. McEntyre also filed a motion for a temporary
restraining order and a temporary injunction. On October 1, 2002, Mr. McEntyre and
Ms. Middleton entered into a Rule 11 agreement that made a temporary restraining order
unnecessary.

 On October 3, 2002, the trial court (2) conducted a hearing and entered a temporary
injunction. The injunction noted: "Plaintiff is the nominee of the Republican Party of
Polk County, Justice Precinct #4, on the general election ballot and has an interest in not
being opposed by an ineligible candidate on the general election ballot." The court made
certain findings with regard to the withdrawal of Howard Lilley and enjoined Barbara
Middleton from placing the name of Mike Templeton on the general election ballot as the
Democratic replacement nominee or sending out or using ballots with the name of Mike
Templeton thereon. The judge ordered a cash bond of $100 and set the trial on the merits
for January 7, 2002.

 On October 4, 2002, Mr. Templeton filed a notice of accelerated appeal and on
October 7 filed a motion to stay the trial court's order. On October 8, 2002, this court
notified the parties the appeal would be submitted immediately without briefs. Tex. R.
App. P. 2, 28.3.

 The ultimate matter to be decided in this litigation is whether Mike Templeton is an
ineligible candidate for the office. By issuing the temporary injunction, the trial judge
implicitly found that the Democratic executive committee could not have named Mr.
Templeton as a replacement nominee under Tex. Elec. Code Ann. § 145.036 (b)(1)
(Vernon Supp. 2002) and thus Mr. Templeton was an ineligible candidate. With that
preliminary finding (3), the trial court erred in issuing the temporary injunction. 

 The Legislature has established a statutory scheme to deal with ineligible candidates
and the placing of their names on the ballot. Section 145.035 (4), entitled "Withdrawn,
Deceased or Ineligible Candidate's Name Omitted From Ballot" states: "A candidate's
name shall be omitted from the ballot if the candidate withdraws, dies or is declared
ineligible on or before the 65th day before election day." Section 145.039, entitled
"Deceased or Ineligible Candidate's Name to Appear on General Election Ballot" is the
affirmative corollary of that and states: "If a candidate dies or is declared ineligible after
the 65th day before election day, the candidate's name shall be placed on the ballot." 
Furthermore, section 145.004, entitled "Final Judgment Required for Adjudication of
Ineligibility" states: "A candidate's entitlement to a place on the ballot or to a certificate
of election is not affected by a judicial determination that the candidate is ineligible until
a judgment declaring the candidate to be ineligible becomes final."

 The Legislative scheme continues with sections 145.005 and 201.028 and Tex. Loc.
Gov't. Code Ann. § 87.041 (Vernon 1999). These sections require the votes to be
counted and if the ineligible candidate receives the votes required, a vacancy occurs on the
date the final canvass is completed and the vacancy is filled by the commissioner's court. 

 Under the uncontroverted facts, Mr. Templeton became the replacement candidate
on August 29, 2002. The temporary injunction, in effect declaring him ineligible, was
issued October 3, 2002. This was within 65 days of the General Election; (5) therefore, the
statutory scheme is the appropriate remedy, not a temporary injunction. (6) The statutory
scheme requires Mr. Templeton's name to remain on the ballot. The temporary injunction
is dissolved.

 TEMPORARY INJUNCTION DISSOLVED






 DON BURGESS

 Justice


Submitted on October 8, 2002

Opinion Delivered October 9, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.

DISSENTING OPINION



 I believe a court may issue an injunction to prevent a violation of the Election Code. 
See Tex. Elec. Code Ann. § 273.081 (Vernon 1986). The ballots with Templeton's name
(as a substitute candidate for Lilley) have not been mailed out, so if the inclusion of
Templeton's name on the ballot is a violation of the Election Code, the trial court may
issue an injunction to prevent the occurrence of the violation. Id.; see Blum v. Lanier, 997
S.W.2d 259, 263-264 (Tex. 1999). 

 The trial court found the inclusion of Templeton's name on the ballot would be a
violation of the Election Code. One of the requirements of the agreement entered into by
Lilley with the State Commission on Judicial Conduct was that he would resign on
September 10, 2002, in lieu of disciplinary action. To say, as Templeton does, that Lilly
nevertheless resigned for health reasons ignores this truth. In fact, the trial court found
the "method of withdrawal was a legally ineffective subterfuge." The Election Code
provides that "[a] person who is being harmed or is in danger of being harmed by a
violation or threatened violation of this code is entitled to appropriate injunctive relief to
prevent the violation from continuing or occurring." Tex. Elec. Code Ann. § 273.081
(Vernon 1986). As a candidate, McEntyre is being harmed. I would hold that the trial
court did not err in stopping the substitution of Templeton's name for Lilley's name on the
ballot. By setting aside the trial court's injunction, the majority permits this substitution;
I therefore respectfully dissent. 

 

 _________________________________

 DAVID B. GAULTNEY

 Justice


Dissent delivered

October 9, 2002

Do Not Publish





1. There was an addendum to the agreement that allows Judge Lilley, after his
resignation, to perform weddings in Polk County only.
2. Pursuant to Tex. Govt. Code Ann. § 74.056, the Honorable Sharolyn Wood,
Judge of the 127th District Court of Harris County, was assigned to hear the case.
3. This court makes no determination of the correctness of that implicit finding.
4. Unless otherwise noted, all references are to the Texas Election Code.
5. August 31, 2002 being 65 days before the November 5th general election day.
6. Obviously there are three scenarios that may ultimately play out: (1) Mr.
McEntyre may win the election; if so, Mr. Templeton's eligibility is beside the point; (2)
Mr. Templeton may win but be declared ineligible, whereby the statutory scheme for
ineligible candidates takes over; or (3) Mr. Templeton may win and be declared eligible,
whereby the election results stand.